**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12cv112**

**LESLIE A. WHITTINGTON, TERRY R. SLOAN, LINNEA J. DALLMAN, JEFFREY D. EFIRD, MELISSA EFIRD, JENNIFER F. GEORGE, PAMELA J. HAWES, JANE S. JONES, QUEEN C. MILLER, PATRICIA REAM, RICHARD REAM, DOUGLAS WATKINS, JEANNE WEST WATKINS, DAVID WEST, MARY WEST, SANDRA HOSKIN, CARROLL C. BRIDGES, PHYLLIS RAE BRIDGES, HAROLD R. PARRIS, WYLMA H. PARRIS, and VICTORIA B. HENSON**

**Plaintiffs,**

**vs.**

**MORGAN STANLEY SMITH BARNEY, WILLIAM KIMBROUGH, and HOMETRUST BANKING PARTNERSHIP f/k/a HOMETRUST BANK,**

**Defendants.**

**MEMORANDUM OF DECISION AND ORDER**

**THIS MATTER** is before the Court on the Plaintiffs' Motion to Remand [Doc. 13] and the Defendants' Motions to Dismiss [Docs. 11, 15].

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 2012, the Plaintiffs filed this action in the Buncombe County General Court of Justice, Superior Court Division, against the Defendants Morgan Stanley Smith Barney ("MSSB") and HomeTrust Banking Partnership f/k/a HomeTrust Bank ("HomeTrust") asserting claims arising from their investments in what proved to be a Ponzi scheme operated by James W. Bailey through a company called Southern Financial Services. [Complaint, Doc. 1-1]. On April 25, 2012, the Plaintiffs filed an Amended Complaint adding MSSB employee William Kimbrough as a party defendant. [Amended Complaint, Doc. 1-2]. In their Amended Complaint, the Plaintiffs allege that the Defendants disregarded Mr. Bailey's suspicious financial activities in violation of their legal obligations as set forth by various federal statutes and regulations as well as the common law of North Carolina, thereby allowing Mr. Bailey to facilitate his fraudulent scheme through the bank accounts held by the Defendants and thus furthering Plaintiffs' losses, which they claim to be in excess of $11 million. [Id.]. The Plaintiff asserts six causes of action under North Carolina law against the Defendants in their Amended Complaint, including claims for negligence and recklessness (Count One); negligence in undertaking a special duty (Count Two); negligent and reckless supervision

(Count Three); unjust enrichment (Count Four); violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.* (Count Five); and conversion (Count Six). [Id.].

On May 29, 2012, the Defendants filed a Notice of Removal, asserting that this Court has original jurisdiction over this action in that the Plaintiffs have alleged claims "arising under" the laws of the United States. [Notice of Removal, Doc. 1]. The Defendants then moved to dismiss the Plaintiffs' action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Motions to Dismiss, Docs. 11, 15].

The Plaintiffs move to remand this action to state court, arguing that federal subject matter jurisdiction does not exist in this case. [Doc. 13]. The Defendants have filed a Response opposing the Plaintiff's Motion [Doc. 22], to which the Plaintiffs have a filed a Reply [Doc. 23].

Having been fully briefed, this matter is now ripe for disposition.

## II. DISCUSSION

Because the Plaintiffs assert that the Court lacks subject matter jurisdiction over the Plaintiffs' claims, the Motion to Remand will be addressed as a threshold matter.

Except as otherwise provided by law, a defendant may remove a state civil action to federal district court where the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Among those cases of which the district courts have original jurisdiction are civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Removal jurisdiction is not favored, and thus the Court must "construe it strictly in light of the federalism concerns inherent in that form of federal jurisdiction." In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006). The burden is on the party seeking removal to demonstrate that federal jurisdiction is proper. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

"The presence or absence of [a] federal question is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). As a general rule, federal question jurisdiction exists only if the complaint pleads a federal cause of action. See Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808, 106

S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986); Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). "In other words, the well-pleaded complaint rule generally bars federal jurisdiction where a plaintiff's complaint on its face states only state law causes of action, even though issues of federal law may be involved." Fagin v. Gilmartin, No. 03-2631 (SRC), 2007 WL 419286, at *3 (D.N.J. Feb. 1, 2007).

If it is determined, however, that a federal cause of action is not present, this does not necessarily end the inquiry. In a "small class of cases" a complaint asserting a state law cause of action may nevertheless "arise under federal law" where "the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C. § 1331." Ormet Corp. v. Ohio Power Co., 98 F.3d 799, 806 (4th Cir. 1996). The "mere presence" of a federal issue, however, "does not automatically confer federal-question jurisdiction." Merrell Dow, 478 U.S. at 813, 106 S.Ct. at 3234. Rather, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313, 125 S.Ct. 2363, 2367, 162 L.Ed.2d 257 (2005). Even where a state claim

involves a contested and substantial federal question, federal jurisdiction may still be improper if the exercise of such would not be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." Id. at 313-14, 125 S.Ct. at 2367. Thus, the question to be resolved in determining whether to exercise federal jurisdiction over a state-law claim is whether such claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state responsibilities." Id. at 314, 125 S.Ct. at 2368.

In accordance with Grable, the Court will first consider whether the Plaintiffs' Amended Complaint raises an "actually disputed and substantial" issue of federal law. Id. On its face, the Plaintiffs' Amended Complaint asserts only claims under North Carolina state law. The Defendants nevertheless argue that these claims necessarily raise disputed and substantial federal issues, as the Plaintiffs base these claims upon the breach of duties allegedly owed to them under various federal statutes and regulations, including the Bank Secrecy Act, 31 U.S.C. § 5318; the USA Patriot Act of 2001, Pub. L. 107-56 (amending provisions of the Bank Secrecy Act); federal criminal statutes applicable to money laundering; and regulations

promulgated and enforced by the U.S. Department of Treasury's Financial Crimes Enforcement Network. [Doc. 22]. The Defendants contend that "[w]hether there are duties to Plaintiffs imposed upon Defendants by the federal statutes and regulatory schemes is an actually disputed and substantial issue in this case, necessarily invoking serious federal interests." [Id. at 11].

At the outset, the Court notes that none of the federal laws cited by the Plaintiffs in their Amended Complaint provide for a private cause of action. See AmSouth Bank v. Dale, 386 F.3d 763, 777 (6th Cir. 2004) (noting that Bank Secrecy Act does not create a private right of action); Public Serv. Co. of Oklahoma v. A Plus, Inc., No. CIV-10-651-D, 2011 WL 3329181, at *8 (W.D. Okla. Aug. 2, 2011) (noting that Bank Secrecy Act and its implementing regulations "obligate banks to report certain customer activity to the government but do not create a private cause of action"); Hanninen v. Fedoravitch, 583 F.Supp.2d 322, 326 (D. Conn. 2008) (noting that Patriot Act does not provide for private right of action); Dubai Islamic Bank v. Citibank, N.A., 126 F.Supp.2d 659, 668 (S.D.N.Y. 2000) (stating that federal money laundering statutes do not give rise to private right of action). While not dispositive of the issue, Congress's determination not to provide a private

cause of action under a federal statute is evidence of "a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal question jurisdiction." Merrell Dow, 478 U.S. at 814, 106 S.Ct. at 3235; Dale, 386 F.3d at 777 ("Because the Bank Secrecy Act does not create a private right of action, the Receivers' incorporation of its standards into a state-law cause of action cannot transform their complaint into one that raises a federal question.").

The fact that the Plaintiffs rely in part on federal statutes and regulations to define the scope of the Defendants' duties under state law do not necessarily render these claims as "arising under" federal law. Under North Carolina law, the violation of a federal law may serve as a basis for a state law negligence action. See Guyton v. FM Lending Servs., Inc., 199 N.C. App. 30, 40, 681 S.E.2d 465, 474 (2009) (noting that "utilizing federal statutes as the basis for recognizing a state law duty is undoubtedly appropriate in some instances"). "That a court may be called upon to evaluate the offending conduct in light of what federal [banking] laws and regulations require does not federalize the [Plaintiffs'] claims . . . ." Fagin, 2007 WL 419286, at *4; see also Shawver v. Bradford Square Nursing, LLC, No. 3:08-13-DCR, 2008 WL

2355803, at *5 (E.D. Ky. June 5, 2008) ("Although resolution of the Plaintiff's state law claims may require examination of federal law, the Court cannot conclude that this case involves a federal issue that is substantial and dispositive. While the Plaintiff has referenced federal Medicare and Medicaid statutes and regulations, he has done so simply to establish the relevant standard of care and to allege that the defendants breached that duty of care."); Pirie v. Broadview Multi-Care Ctr., No. 1:08 CV 1427, 2008 WL 2745977, at *2 (N.D. Ohio July 11, 2008) (noting that "references to federal regulations [in the plaintiff's complaint] are asserted in the context of an applicable standard of care, not an independent cause of action"); Sercye-McCollum v. Ravenswood Hosp. Med. Ctr., 140 F.Supp.2d 944, 946 (N.D. Ill. 2001) (declining to find substantial federal question where plaintiff cited, *inter alia*, federal Emergency Medical Treatment and Active Labor Act in order to establish applicable standard of care for medical negligence claim under Illinois state law). The focus of this action is not whether the Defendants violated federal banking laws, but rather whether their conduct violated a duty owed to the Plaintiffs under state law. Thus, "[t]he fact that a court may have to look to federal law to evaluate whether Defendants' alleged misconduct violated their state law obligations does not, in this case, elevate the federal

law aspect of the alleged misconduct into a substantial question of federal law." Fagin, 2007 WL 419286, at *6.

The Defendants argue that federal jurisdiction is particularly appropriate in light of the Supreme Court's decision in Grable. [Doc. 22 at 9-10]. Grable, however, is readily distinguishable from the present case. In Grable, the Internal Revenue Service ("IRS") seized real property owned by the plaintiff to satisfy a federal tax delinquency. Grable, 545 U.S. at 310, 125 S.Ct. at 2366. Following the tax sale, the plaintiff brought a state action against the purchaser of the land to quiet title, claiming that the new purchaser's title was invalid because the IRS failed to give the plaintiff proper notice of the sale as required by federal law. Id. at 311, 125 S.Ct. at 2366. The purchaser removed the case to federal court on the grounds that the action required an interpretation of federal tax law and thus presented a federal question pursuant to section 1331. Id.

The Supreme Court concluded that the case warranted the exercise of federal jurisdiction, as the plaintiff had premised its claim of superior title on the failure of the IRS to provide him adequate notice as required by federal law. Thus, the issue of whether the plaintiff had received proper notice within the meaning of the federal statute was "an essential element of its quiet title

claim," and the interpretation of the federal statute was actually in dispute. Id. at 315, 125 S.Ct. at 2368. Indeed, the Court noted that the interpretation of the federal notice requirement "appear[ed] to be the only legal or factual issue contested in the case." Id. Noting that "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court," and citing the government's interest in having a federal forum available to vindicate its administrative actions, the Court concluded that a substantial federal issue was presented warranting the exercise of federal jurisdiction. Id.

Unlike Grable, which involved the actions of the IRS and its compliance with a federal statute, the present case was triggered by the conduct of private actors and did not involve the action or decision of any federal agency. See Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 700, 126 S.Ct. 2121, 2137, 165 L.Ed.2d 131 (2006) (explaining that Grable "centered on the action of a federal agency (IRS) and its compatibility with a federal statute"). Moreover, while Grable presented a sole contested issue of federal law, the Plaintiffs' claims in the present case raise numerous factual and legal issues of both state and federal law. [See, e.g., Amended Complaint, Doc. 1-2 at ¶ 55 (alleging that "Defendants had a duty to monitor the accounts of Mr. Bailey and Southern Financial . . . in accordance with the legal obligations set

forth [in federal regulations and statutes cited] above *and pursuant to the common law of North Carolina*") (emphasis added)]. In Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), the Supreme Court held that where federal law was essential to only one of several alternative theories of relief, the invocation of federal law was not sufficient to confer federal question jurisdiction. See id. at 810, 108 S.Ct. at 2174; see also Mulcahey, 29 F.3d at 153 ("Christianson teaches us that, if a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist.").[1]

Upon careful consideration of the Plaintiffs' claims, and particularly the legal and factual issues raised thereby, the Court concludes that the present case "does not fit within the special and small category" of state law claims presenting contested federal issues described by Grable. See Empire, 547

[1]In opposition to the Motion to Remand, the Defendants argue that the Plaintiffs' state law theories are deficient because North Carolina courts do not recognize a state law duty on the part of banks to non-customer third parties. Therefore, the Defendants argue, the Court must retain jurisdiction because if the Plaintiffs have any right to recover, such right arises under federal law. The Court need not, however, reach this issue in order to determine whether federal question jurisdiction exists in this case. See Wagner v. Regent Invs., Inc., 903 F.Supp. 966, 970 (E.D. Va. 1995) ("Having determined that the complaint does not support federal jurisdiction, the court may not then assess the merits of the defenses, factual or legal, in order to vest itself with the power to hear the case."). Whether the Plaintiffs are entitled to recover under state common law is an issue for the North Carolina courts to decide.

U.S. at 699, 126 S.Ct. at 2136. Further, even if such substantial issues of federal law did exist, the exercise of federal jurisdiction in this case would result in a significant transfer of state law claims to federal courts, thereby disrupting the balance of federal and state judicial responsibilities. Even where substantial federal issues are presented by state law claims, the Court must decline to entertain a lawsuit if doing so would disturb the "congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314, 125 S.Ct. at 2368.

## III. CONCLUSION

The Plaintiffs' state law claims do not present issues of federal law that are "actually disputed and substantial." Further, even if such substantial issues of federal law did exist, the exercise of federal jurisdiction in this case would result in a significant transfer of state law claims to federal courts, thereby disrupting the balance of federal and state judicial responsibilities. For these reasons, the Court concludes that federal jurisdiction is lacking in this case. Accordingly, the Plaintiffs' Motion to Remand is granted. Because this case is being remanded, the Court need not reach the merits of the Defendants' Motions to Dismiss.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion to Remand [Doc. 13] is **GRANTED**, and this civil action is hereby **REMANDED** to the Buncombe County General Court of Justice, Superior Court Division.

**IT IS FURTHER ORDERED** that the Defendants' Motions to Dismiss [Docs. 11, 15] are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed: October 11, 2012

Martin Reidinger
United States District Judge